*273
 
 By the Court.
 

 It is conceded by counsel for respondent that the provisions of Sections 13441-1 and 13441-2, General Code, are declaratory of and in amplification of the well-settled common-law rule that a person while insane cannot be tried, sentenced or punished for’an alleged crime, and that the only issue presented at a preliminary trial of present insanity is whether the accused has sufficient soundness of mind to comprehend his position, to appreciate the charges against him and the proceedings thereon, and to enable him to make a proper and rational defense. The further concession is made that a person accused of a crime is to be deemed sane within the meaning of this rule although on some other subjects his mind might be deranged or unsound.
 

 The concession is likewise made that the commitment of a person accused of crime to the Lima State Hospital “until he be restored to reason,” as provided in the sections of the statute above referred to, means until such person has sufficient soundness of mind to appreciate the charges against him and the proceedings thereon and is thus enabled to make a proper defense.
 

 The opposition of counsel for the respondent to the release of the applicant from the custody of the respondent is based upon the view that the mental condition of relator materially affects and directly relates to the crime charged, and, therefore, he cannot be deemed to have been restored to reason within the meaning of the established rule.
 

 The commitment of the petitioner to the Lima State Hospital was not pursuant to the provisions of Section 13441-3, General Code, which require such commitment when a defendant pleads “not guilty by reason of insanity” and is acquitted on the sole ground of insanity, and authorize his release from that institution when it
 
 *274
 
 is found that his sanity has been restored and “his release will not be dangerous.”
 

 The petitioner was committed to the Lima State Hospital pursuant to and in compliance with Sections 13441-1 and 13441-2. The only question for determination under these provisions is whether the’relator is of sufficient soundness of mind to understand and appreciate the nature of the charge against him, to comprehend his situation, and whether he is mentally capable of furnishing his counsel the facts essential to the presentation of a proper defense.
 

 The Court - of Appeals upon hearing unanimously answered all the essential questions in the affirmative, and specifically found that the petitioner’s mental condition fully met the prescribed tests.
 

 ■ The effect of the order, based upon such finding, is not to release the relator from custody but only to remand him to the custody of the sheriff of Mahoning county for the purpose of trial upon the indictment charging him with manslaughter.
 

 In our opinion the record before us is not such as to warrant a reversal of that court’s finding and judgment.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, Turner, Matthias and Hart, JJ., concur.