COLLINS v. CAMPBELL, SHERIFF.

[Cite as Collins v. Campbell, Sheriff, 4 Ohio App. 2d 42.]

(No. 5696—Decided October 13, 1965.)

*Mr. C. C. Lipps*, for petitioner.
*Mr. James V. Barbuto*, prosecuting attorney, and *Mr. John Reece*, for respondent.

HUNSICKER, J. A petition for a writ of habeas corpus was filed in this court seeking the release of Leroy Collins, who has been ordered returned to the Lima State Hospital for the criminal insane following a trial in the Court of Common Pleas of Summit County, Ohio.

In that trial, the evidence showed that: on November 13, 1963, Collins was sent to the Lima State Hospital for examination; he was found to be insane, and the Common Pleas Court, by virtue of Section 2945.38, Revised Code, ordered that he be confined in Lima State Hospital until restored to reason; on February 21, 1964, an indictment was returned against him; on July 15, 1965, the superintendent of the Lima State Hospital reported in writing to the Common Pleas Court that he was "restored to reason and ready to be returned to court for further legal proceedings;" and on July 21, 1965, he plead not guilty by reason of insanity, and was released on bond.

On August 16, 1965, Collins was tried on the indictment after waiving a trial by jury. At this trial, a psychiatrist from the Lima State Hospital testified that Collins was "restored to reason for about six months," and that he was in that condition at the time of trial, but that the hospital superintendent would like him returned to the hospital for a period of six months.

Collins was examined by a local psychiatrist, who reported to the trial court, on September 9, 1965, that, in his opinion, Collins was sane.

On September 16, 1965, Collins was found not guilty by reason of insanity, and was ordered reconveyed to the Lima State Hospital by virtue of Section 2945.39, Revised Code.

Section 2945.39, Revised Code, reads as follows:

"When a defendant pleads 'not guilty by reason of insanity,' and is acquitted on the sole ground of his insanity, such fact shall be found by the jury in its verdict, and it is presumed that such insanity continues. In such case the court shall forthwith direct that the accused be confined in the Lima State hospital, and shall forthwith commit him to such hospital, and such person shall not be released from confinement in said hospital until the judge of the Court of Common Pleas of Allen County, the superintendent of the Lima state hospital, an alienist to be designated by said judge and superintendent, or a majority of them, after notice and hearing, find and determine that said defendant's sanity has been restored, and that his release will not be dangerous. If said release is granted, it may be final or on condition, or such person may be released on parole, and thereafter, in the discretion of said judge or superintendent, said defendant may be returned to said hospital. Notice of such hearing shall be given to the prosecuting attorney of Allen county and also to the prosecuting attorney of the county from which said defendant was committed. This section does not deprive said defendant of his constitutional privilege to the writ of habeas corpus."

It must be noted that after an acquittal on the sole ground of insanity, there is a presumption that such insanity continues. According to this statute, such presumption exists until the defendant is restored to reason. The fact of restoration to reason may be determined in the manner set out in the statute. This method for determination of sanity is a method used when

the patient is confined in Lima State Hospital. It is not the exclusive method by which a patient may secure his release from the hospital, for the statute also says that such patient shall not be deprived of his "constitutional privilege to the writ of habeas corpus." An application for such writ may be filed in the place where incarceration is had, whether the hospital, or the place of trial as in the instant case. The purpose of exercising one's right to a writ is obvious, for if a defendant is restored to reason after the commission of an offense, it would not be proper to commit him to a hospital for the purpose of restoring him to reason.

In the instant case, the hospital authorities, as well as a local psychiatrist, say that Collins is sane. If he is sane, then he need not be confined and he should be released for, by competent testimony, he has overcome the presumption of insanity, which insanity, the statute says, is presumed to continue.

For the foregoing reasons, the petitioner is released from custody.

*Petitioner released from custody.*

DOYLE, P. J., and BRENNEMAN, J., concur.