OPINION
Defendant-appellant, Donald Muncie, appeals from a Clermont County Court of Common Pleas entry ordering him to be forcibly medicated in an effort to restore him to competency.
Appellant was charged with retaliation, a violation of R.C.2921.05(A), for allegedly sending a threatening letter to two judges who had presided over a criminal case against him. On June 18, 1999, after the conclusion of a competency hearing, appellant was found incompetent to stand trial and was committed to the care of Twin Valley Psychiatric Center ("Twin Valley"). On July 12, 1999, Twin Valley sent a letter to the trial court judge, requesting an order for forced medication. This letter stated that appellant had not been cooperative with treatment and was refusing to take his prescribed medication. Twin Valley's letter also stated that appellant's treating psychiatrist believed that appellant could be restored to competency if he was administered four medications.
On July 14, 1999, the trial court filed a "Forced Medication Order," which stated that it was "in the best interest of the Defendant, based upon the recommendation of his treating psychiatrist, to be administered, forcibly if necessary" four psychotropic drugs. Appellant filed a motion to reconsider the order of forced medication, requesting that the trial court hold a hearing. Appellant's motion was overruled.
Appellant appeals from this judgment, contending that it was error for the trial court to order him to undergo forced medication without holding a judicial hearing on this issue. Appellant asserts that his due process rights were violated, and he challenges the constitutionality of R.C. 2945.38.
R.C. 2945.38(B) states in pertinent part that:
 If the defendant is found incompetent to stand trial, if the chief clinical officer of the hospital or facility, the managing officer of the institution, the director of the program, or the person to which the defendant is committed determines that medication is necessary to restore the defendant's competency to stand trial, and if the defendant lacks the capacity to give informed consent or refuses medication, the chief clinical officer, managing officer, director or person to which the defendant is committed may petition for, and the court may authorize, the involuntary administration of medication.
We make the observation that R.C. 2945.38, which authorizes a trial court to order the administration of medication to a defendant who has been determined to be incompetent, necessarily involves a defendant's right to due process. To protect a defendant's due process right, a defendant should be able to file a motion for a hearing with the trial court if he believes that the medical treatment ordered is detrimental or harmful. Upon such motion, a trial court should hold a hearing to determine whether the harm of the medication to the defendant is outweighed by the state's interest in restoring a defendant to competency so that his case may be brought to trial. The right to due process is significant in this situation, where a defendant has yet to be convicted of a crime, and merely stands accused.
Nevertheless, a defendant's right to due process can only be considered upon the entry of a final appealable order. Ohio appellate courts have jurisdiction to review "final orders" of the inferior courts within their district. Section 3(B)(2), ArticleIV, Ohio Constitution. If an order is not "final," appellate courts have no jurisdiction and the appeal must be dismissed.Noble v. Colwell (1989), 44 Ohio St.3d 92, 94.
In State v. Hunt (1976), 47 Ohio St.2d 170, 174, the Supreme Court of Ohio found that a determination that an accused is incompetent to stand trial and must be committed to a state hospital pursuant to R.C. 2945.38 is not a final order. See, also, State v. Stanley (1997), 121 Ohio App.3d 673, 682; State v.Scott (1984), 20 Ohio App.3d 215, 217 (holding that the determination that an accused is competent to stand trial is not a final, appealable order). If a finding of competence or incompetence is not a final appealable order, it logically follows that an order of forced medication in an attempt to restore competency is not a final appealable order. However, because the legislature has made recent and significant changes to R.C.2505.02, which determines whether an order is a final appealable order, we must consider this statute's application to the case before us.
R.C. 2505.02(B) states that:
 An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 (3) An order that vacates or sets aside a judgment or grants a new trial;
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 (5) An order that determines that an action may or may not be maintained as a class action.
R.C. 2505.02(A)(1) defines a "substantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(2) defines a "special proceeding" as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 25051.02(A)(3) defines "provisional remedy" as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence."
In this case, it appears that appellant's right to remain free of drugs that act on his mind is a privacy right, which is a "substantial right" as defined by R.C. 2505.02(A)(1). However, the order of forced medication does not determine the underlying action, the retaliation charge. Nor does this order prevent a judgment. Therefore, this order is not a final appealable order pursuant to R.C. 2505.02(B)(1).
Under R.C. 2505.02(B)(2), an order affecting a substantial right made in a special proceeding is a final appealable order. Whether a special proceeding is involved is determined by the nature of the underlying action rather than the nature of the order. Walters v. Enrichment Center of Wishing Well, Inc.
(1997), 78 Ohio St.3d 118, 121-122. It is a well-settled common law rule that a person cannot be tried while incompetent. SeeState ex. rel. Townsend v. Bushong (1946), 146 Ohio St. 271, 273. Because this competency hearing stems from a common law rule, this is not a special proceeding as defined by R.C. 2505.02(A)(2). Therefore, the order for forced medication is not a final appealable order pursuant to R.C. 2505.02(B)(2).
For obvious reasons, R.C. 2505.02(B)(3) and (5) do not apply to this case. Nor is this order a provisional remedy under R.C.2505.02(B)(4) as defined by R.C. 2505.02(A)(3), because it is not in the nature of a preliminary injunction, discovery of privileged matter, or suppression of evidence. Therefore, this order does not meet any R.C. 2505.02 definition of final appealable order.
Because the order of forced medication is not a final appealable order, this court lacks jurisdiction to legally resolve the important constitutional arguments in appellant's appeal. Upon the entry of a final appealable order and an appeal from that order, this court can determine the effect of any error regarding appellant's due process rights.
Accordingly, this appeal is dismissed.
POWELL, P.J., and WALSH, J., concur.