[Cite as *Steele v. Harris*, 2019-Ohio-4839.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| SEAN M. STEELE, | : | **PER CURIAM OPINION** |
| | : | |
| Petitioner, | : | |
| | : | **CASE NO. 2019-T-0066** |
| - vs - | : | |
| | : | |
| BRANDESHAWN HARRIS, WARDEN, | : | |
| | : | |
| Respondent. | : | |

Original Action for Writ of Habeas Corpus

Judgment: Petition dismissed.

*Sean Steele,* pro-se*,* A-392-298, Trumbull Correctional Institution, 5701 Burnette Road, P.O. Box 901, Leavittsburg, Ohio 44430 (Petitioner).

*Dave Yost,* Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, Ohio 43215  (For Respondent).

PER CURIAM.

{¶1}    Petitioner, Sean Steele ("Mr. Steele"), petitions this court to issue a writ of habeas corpus to Respondent, Brandeshawn Harris, Warden of Trumbull Correctional Institution ("Respondent").  Mr. Steele contends the trial court lacked subject matter jurisdiction to try and convict him because his bindover from juvenile court was improper.  Respondent, in turn, filed a motion for summary judgment arguing that because Mr. Steele already raised this issue on direct appeal, it is barred by the doctrine of res judicata.

{¶2} A review of the case history reveals Respondent's assertions are correct, and further, that the Franklin County Court of Common Pleas, Domestic Relations Division, Juvenile Branch, properly bound over Mr. Steele to the General Division of the Franklin County Court of Common Pleas. Thus, we dismiss Mr. Steele's petition and grant Respondent's motion for summary judgment.

**History**

{¶3} The facts pertinent to Mr. Steele's petition are neatly summarized in his first appeal, *State v. Steele*, 10th Dist. Franklin No. 00AP-499, 2001 WL 721806 (June 28, 2001), *appeal not accepted*, 93 Ohio St.3d 1459 (2001) ("*Steel I*"), and are as follows:

{¶4} In 1999, Mr. Steele was charged in juvenile court for the murder of his girlfriend and her unborn child. He was fifteen years old at the time. *Id.* at *1. Pursuant to former R.C. 2151.26(C) [now R.C. 2152.12(D)], the state requested that the matter be transferred to the general division of the court of common pleas for criminal prosecution as an adult. *Id.* On November 9, 1999, the juvenile court held a probable cause hearing, and thereafter, found that there was probable cause to believe that Mr. Steele committed the two acts of aggravated murder as alleged in the complaint. *Id.* At the amenability hearing, the court heard testimony from several defense witnesses and reviewed the bindover packet containing a psychological evaluation, social history, and detention records. The juvenile court relinquished jurisdiction and transferred Mr. Steele for criminal prosecution as an adult. *Id.*

{¶5} The case was then tried before a jury in the General Division of the Franklin County Court of Common Pleas, and on March 31, 2000, the jury found Mr. Steele not guilty of aggravated murder but guilty of murder as to both victims. *Id.* at *4. Mr. Steele

was then sentenced to fifteen years to life on each murder conviction, with the sentences to run consecutively. *Id.*

{¶6} Among Mr. Steele's various assignments of errors on appeal in *Steele I*, he challenged the juvenile branch's decision to bind over his case to the general division because the trial court did not separately analyze how "he individually would react to rehabilitation in the juvenile system." *Id.* at *4. The Tenth District Court of Appeals found that the juvenile court did not abuse its discretion in relinquishing jurisdiction over Mr. Steele because the juvenile court addressed "a myriad of relevant factors, including [Mr. Steele's] background and psychological evaluation." *Id.* at *5. Ultimately, however, the trial court found that "the severity of the offenses alleged, the age of appellant (almost sixteen), and the applicability of two of [the former] R.C. 2151.26(C)(2) [now R.C. 2152.12(D)] factors [one of the victims was five years of age or younger, and both victims sustained physical harm, i.e. death] tipped the balance in favor of finding that [Mr. Steele] was not amenable to rehabilitation and that the safety of the community may require that appellant be placed under legal restraint beyond his majority." *Id.* The Tenth District overruled this assignment of error, but remanded for resentencing because the trial court erred in failing to make the proper findings necessary to support imposition of consecutive sentences. *Id.* at *15.

{¶7} Mr. Steele then appealed his resentencing, which the Tenth District Court of Appeals affirmed in *State v. Steele*, 10th Dist. Franklin No. 02AP-258, 2002-Ohio-7353, *appeal not accepted,* 98 Ohio St.3d 1540, 2003-Ohio-1946 ("*Steele II*").

{¶8} Mr. Steele filed the instant petition for habeas corpus seeking immediate release. Specifically, he argues the trial court was without subject matter jurisdiction for three reasons: (1) the juvenile court should have attempted rehabilitation before binding

3

him over; (2) he was wrongly tried as an adult in violation of *Apprendi v. N.J.*, 530 U.S. 466 (2000), which increased his sentence past the prescribed statutory maximum for a juvenile, which is only to the age of 21; and (3) his rights to equal protection and under R.C. 2901.05(A) ("[e]very person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt * * *") were violated because when the juvenile court makes a finding of probable cause after a probable cause hearing, there is a presumption of guilt when the juvenile is tried as an adult.

{¶9}     Respondent filed a motion for summary judgment in response, arguing there is no genuine issue of material fact since the issue petitioner raises - that the trial court lacked subject matter jurisdiction due to the juvenile court's improper bindover - is barred by the doctrine of res judicata because it was raised on direct appeal. Mr. Steele, in turn, filed a "motion in opposition to respondent's motion for summary judgment," as well as an "affidavit of additional facts." Attached to the affidavit were the juvenile court's judgment entry finding Mr. Steele not amenable to rehabilitation as a juvenile and the trial court's findings after the second phase of the amenability hearing.

**Law and Analysis**

{¶10}   A writ of habeas corpus is a civil action under Ohio law. *Fuqua v. Williams,* 100 Ohio St.3d 211, 2003–Ohio–5533, ¶7. Therefore, "[t]he Civil Rules may apply to habeas cases where not 'clearly inapplicable' by their nature." *Gaskins v. Shiplevy,* 74 Ohio St.3d 149, 150 (1995) ("*Gaskins I*"), quoting *Pegan v. Crawmer,* 73 Ohio St.3d 607, 608 (1995).

{¶11}   On summary judgment, we are required to determine whether any genuine issues of material fact exist and whether [Respondent] is entitled to judgment as a matter of law. *Henry v. Kohl's Dept. Stores, Inc.*, 11th Dist. Lake No. 2018-L-113, 2019-Ohio-

4

2094, ¶16, citing *Sabo v. Zimmerman*, 11th Dist. No. Ashtabula No. 2012-A-0005, 2012-Ohio-4763, ¶9.

{¶12} "Since summary judgment denies the party his or her 'day in court' it is not to be viewed lightly as docket control or as a 'little trial'. The jurisprudence of summary judgment standards has placed burdens on both the moving and the nonmoving party. In *Dresher v. Burt* [75 Ohio St.3d 280 (1996)], the Supreme Court of Ohio held that the moving party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record or the motion cannot succeed. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." *Id.* at ¶17, quoting *Welch v. Ziccarelli*, 11th Dist. Lake No. 2006-L-229, 2007-Ohio-4374, ¶40.

{¶13} "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate shall be entered against the nonmoving party based on the principles that have been firmly established in Ohio for quite some time in *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112." *Id.* at ¶18, quoting *Welch* at ¶40.

5

{¶14} A writ of habeas corpus is necessary in certain exceptional circumstances where there is an unlawful restraint of an individual's liberty. *Johnson v. Timmerman–Cooper,* 93 Ohio St.3d 614, 616 (2001). Habeas corpus relief, like other extraordinary writ actions, is generally not available to a petitioner where there is or was an adequate remedy at law. *State ex rel. Fryerson v. Tate,* 84 Ohio St.3d 481, 485 (1999) ("*Fryerson II*"), citing *Gaskins v. Shiplevy,* 76 Ohio St.3d 380, 383 (1996) ("*Gaskins II* "). The Supreme Court has, however, "carved out a limited exception to this general rule, to apply when the habeas petitioner is challenging the jurisdiction of the court that sentenced him." *Id.* "Accordingly, if a prisoner fails to present a jurisdictional error committed by the trial court in the underlying action, his habeas corpus claim will be subject to dismissal for failure to raise a viable claim for relief." *Snitzky v. Wilson*, 11th Dist. Trumbull No. 2003-T-0095, 2004-Ohio-7229, ¶12, citing *Novak v. Gansheimer,* 11th Dist. Ashtabula No. 2003-A-0023, 2003-Ohio-5428, ¶5, citing R.C. 2725.05.

{¶15} When alleging a trial court lacked subject matter jurisdiction, the habeas corpus petitioner must establish the lack of jurisdiction was "patent and unambiguous." *Ross v. Saros,* 99 Ohio St.3d 412, 2003–Ohio–4128, ¶14, citing *Agee v. Russell,* 92 Ohio St.3d 540, 544 (2001).

{¶16} This court has previously explained the concept of a "patent and unambiguous" lack of jurisdiction:

{¶17} "[I]f there [is] no set of facts under which a trial court * * * could have jurisdiction over a particular case, the alleged jurisdictional defect will always be considered patent and unambiguous. On the other hand, if the court * * * generally has subject matter jurisdiction over the type of case in question and [its] authority to hear that specific action [depends] on the specific facts before [it], the jurisdictional defect is not

6

obvious and the [trial court] should be allowed to decide the jurisdictional issue." *Johnson v. Sloan*, 11th Dist. Ashtabula No. 2016-A-0009, 2016-Ohio-5375, ¶10, quoting *State ex rel. The Leatherworks Partnership v. Stuard,* 11th Dist. Trumbull No. 2002–T–0017, 2002–Ohio–6477, ¶19.

{¶18} "These requirements have been applied to habeas corpus petitions that allege unlawful restraint due to an improper bindover." *Id.* at ¶11; *see, e.g., Gaskins I, supra; State ex rel. Harris v. Anderson,* 76 Ohio St.3d 193 (1996); *Fryerson II, supra; In re Baker v. Stewart,* 116 Ohio App.3d 580 (10th Dist.1996); and *Snitzky, supra.* Again, habeas corpus may lie only when the challenged bindover procedure is void, such that the trial court patently and unambiguously lacked jurisdiction. *Id.; see In re Fryerson,* 7th Dist. Belmont No. 97–BA–38, 1997 WL 728564, *3-4 (Oct. 24, 1997) ("*Fryerson I*"); *see also Stallings v. Mitchell,* 11th Dist. Trumbull No. 97–T–0010, 1997 WL 665978, *4 (Oct. 10, 1997), citing *Gaskins II, supra* ("the Supreme Court of Ohio has held that such a writ will not lie when the bindover judgment shows that the juvenile court followed the correct procedure").

{¶19} As noted above, the Tenth District reviewed Mr. Steele's argument challenging the juvenile court's bindover to the court of common pleas. Mr. Steele "may not use habeas corpus to gain successive appellate reviews of the same issue." *Smith v. Bradshaw*, 109 Ohio St.3d 50, 2006-Ohio-1829, ¶15, quoting *State ex rel. Rash v. Jackson*, 102 Ohio St.3d 145, 2004-Ohio-2053, ¶12; *compare Citicasters Co. v. Stop 26-Riverbend, Inc.*, 147 Ohio App.3d 531, 2002-Ohio-2286, ¶33 (7th Dist.), quoting *Squires v. Squires*, 12 Ohio App.3d 138, 141 (12th Dist.1983) ("'once [a] jurisdictional issue has been fully litigated and determined by a court that has authority to pass upon the issue,

said determination is *res judicata* in a collateral action and can only be attacked directly by appeal'").

{¶20} As for Mr. Steele's first argument, the Tenth District in *Steele I, supra,* specifically discussed the juvenile court's consideration of Mr. Steele's rehabilitation, noting that the juvenile court did consider that as well as his lack of a prior record. *Id.* at *2, 5. The juvenile court also considered numerous other factors, including the seriousness of the crime. *Id.* at 2*. The evidence reflected that these were planned acts. *Id.* Mr. Steele lured the victim to a killing field, committed the acts without provocation, and concealed his acts until confronted. *Id.* Further, two of the five factors specifically delineated in former R.C. 2151.26(C)(2)(a)&(b) that support an order transferring the case were implicated, i.e., one of the victims was a fetus, and both victims suffered physical harm (i.e., death). *Id.; see* former R.C. 2151.26(C)(2)(a)&(b) (now R.C. 2152.12(D)(1)&(2)).

{¶21} Likewise, we find little merit in Mr. Steele's argument that being tried and sentenced as an adult violates *Apprendi*, *supra*, by sentencing him to more than, as he contends, the "statutory maximum penalty for a child, in any case," which "is the commitment to the Department of youth services 'until the age of 21.'" It is well established that "[t]here is nothing in the United States or Ohio Constitutions that guarantees a juvenile the right to be tried in juvenile court. Certainly, neither the framers of the Ohio Constitution in 1851, nor the ratifiers of the Fourteenth Amendment in 1868, contemplated that the clauses would have any application to juvenile-bindover proceedings." (Citation omitted.) *State v. McKinney*, 1st Dist. Hamilton Nos. C-140743 & C-140744, 2015-Ohio-4398, ¶21, citing *In re Agler*, 19 Ohio St.2d 70, 73 (1969). It has been widely understood that bindover proceedings do not implicate a fundamental right.

8

*Id.* at ¶22, citing *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, ¶17; *State v. Adams*, 10th Dist. Franklin No. 12AP-83, 2012-Ohio-5088, ¶19-20. *See also State v. Aalim*, 150 Ohio St. 3d 489, 2017-Ohio-2956.

{¶22} We also find no weight in Mr. Steele's third and last argument that he was tried before a jury with a presumption of guilt due to a finding of probable cause by the juvenile court. "[A] probable cause hearing held before a juvenile court's transfer to adult court is a preliminary non-adjudicatory proceeding[.]" (Citations omitted.) *State v. Starling,* 2d Clark No. 2018-CA-34, 2019-Ohio-1478, ¶26. "This proceeding is non-adjudicatory because 'the juvenile court's function is not to determine whether the juvenile is guilty of the charge[,] but is to determine whether there is probable cause to believe the juvenile is guilty.'" (Citations omitted.) *Id. See also State v. Whisenant,* 127 Ohio App.3d 75, 85 (11th Dist.1998) (Bindover proceedings are not adjudicatory in nature because the juvenile's guilt or innocence is not at issue).

{¶23} We agree with Respondent that Mr. Steele's assertions are barred by the doctrine of res judicata, and further, are without merit. Since Mr. Steele has raised no genuine issue of material fact, Respondent's motion for summary judgment is granted and Mr. Steele's petition is dismissed.

THOMAS R. WRIGHT, P.J., TIMOTHY P. CANNON, J., MARY JANE TRAPP, J., concur.