**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Steele v. Harris*, **Slip Opinion No. 2020-Ohio-5480.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-5480

STEELE, APPELLANT, *v.* HARRIS, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Steele v. Harris*, Slip Opinion No. 2020-Ohio-5480.]**

*Habeas corpus—Inmate has not alleged deviation from jurisdictional requirements in his case and therefore has failed to state claim cognizable in habeas— Court of appeals' dismissal of petition affirmed.*

(No. 2020-0151—Submitted August 18, 2020—Decided December 2, 2020.)

APPEAL from the Court of Appeals for Trumbull County, No. 2019-T-0066, 2019-Ohio-4839.

_____

**Per Curiam.**

{¶ 1} Appellant, Sean M. Steele, an inmate at the Trumbull Correctional Institution, appeals the judgment of the Eleventh District Court of Appeals dismissing his petition for a writ of habeas corpus. We affirm.

**Background**

{¶ 2} In September 1999, Steele was charged with two counts of aggravated murder in Franklin County Juvenile Court. Steele was 15 years old at the time of the offenses. In November 1999, the juvenile court continued the case for an amenability hearing after finding probable cause to believe that Steele committed the offenses. Following an amenability hearing held in December 1999, the juvenile court determined that Steele was not amenable to rehabilitation as a juvenile and that the safety of the community may require Steele's incarceration beyond the age of majority. Therefore, the court transferred the case to the general division of the common pleas court ("adult court").

{¶ 3} After the transfer, Steele was indicted in adult court on four counts of aggravated murder. He was acquitted of those charges but convicted of two counts of murder, a lesser included offense. The trial court sentenced Steele to an aggregate prison term of 30 years to life.

{¶ 4} On September 24, 2019, Steele filed a petition for a writ of habeas corpus against Warden Brandeshawn Harris in the Eleventh District Court of Appeals. Steele alleged that his transfer from juvenile court to adult court was void and that therefore, the resulting convictions were also void, under three theories.

{¶ 5} First, Steele asserted that the juvenile court could not assess whether he was amenable to rehabilitation until it first undertook efforts at rehabilitation. Therefore, according to Steele, the juvenile court failed to satisfy the preconditions for the adult court to obtain lawful jurisdiction. Second, Steele cited *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in which the United States Supreme Court held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. Steele claimed that transferring a case from juvenile court serves to increase the maximum penalty (because the maximum penalty in juvenile court is commitment

to the Department of Youth Services until the age of 21) and that the facts relevant to the transfer decision therefore should have been submitted to a jury. Third, Steele argued that transferring a juvenile to adult court creates a presumption of guilt, in violation of the Fourteenth Amendment to the United States Constitution.

{¶ 6} In November 2019, the court of appeals granted Harris's motion for summary judgment. The court noted that Steele had unsuccessfully challenged the bindover decision in his first direct appeal, and it therefore held that his habeas petition was barred by res judicata. 2019-Ohio-4839, ¶ 6, 19. In addition, the court of appeals rejected Steele's three theories on the merits. *Id*. at ¶ 20-22.

{¶ 7} Steele filed a motion for reconsideration, which the court of appeals denied. Steele then appealed to this court.

## Legal analysis

### *Standard of review*

{¶ 8} This court reviews de novo a decision granting summary judgment in a habeas corpus case. *State ex rel. Shafer v. Wainwright*, 156 Ohio St.3d 559, 2019-Ohio-1828, 130 N.E.3d 268, ¶ 7. However, before we review the court of appeals' application of res judicata, which is a merits decision, we will consider whether the petition states a claim within our jurisdiction in the first place.

### *Statutory framework*

{¶ 9} A "delinquent" child is one who violates any federal or state law or ordinance of a political subdivision, other than a juvenile traffic offender, if the act would be an offense if committed by an adult. R.C. 2151.011(B)(12) and 2152.02(E)(1). The juvenile court has exclusive original jurisdiction concerning any child alleged to be a delinquent child. R.C. 2151.23(A)(1); *In re M.P.*, 124 Ohio St.3d 445, 2010-Ohio-559, 923 N.E.2d 584, ¶ 11. Thus, when a child is arrested for a felony or misdemeanor, proceedings regarding the child must initially be held in the juvenile court. R.C. 2152.03.

{¶ 10} If a child is old enough and is alleged to have committed an act that would be a felony if committed by an adult, the juvenile court may transfer its jurisdiction to the appropriate adult court for criminal prosecution ("a discretionary transfer") or may be required to transfer jurisdiction ("a mandatory transfer").[1] Whether an alleged offender is subject to mandatory or discretionary transfer depends on such factors as the nature of the offense, the age of the child, and the child's prior criminal history, if any. *See* R.C. 2152.12(A) and (B). These transfers occur through a statutory process that "is generally referred to as a bindover procedure." *State v. Wilson*, 73 Ohio St.3d 40, 43, 652 N.E.2d 196 (1995).

{¶ 11} If a child appears to be eligible for mandatory transfer, the juvenile court must conduct a hearing to determine whether the child meets the eligibility criteria and whether there is probable cause to believe that the child committed the act charged. R.C. 2152.12(A)(1); Juv.R. 30(A). But when considering a discretionary transfer, in addition to determining eligibility and probable cause, the juvenile court must determine whether the child is "amenable to care or rehabilitation within the juvenile system" and whether "the safety of the community may require that the child be subject to adult sanctions." R.C. 2152.12(B)(3). Thus, a discretionary transfer "allows judges the discretion to transfer or bind over to adult court certain juveniles who do not appear to be amenable to care or rehabilitation within the juvenile system or appear to be a threat to public safety." *State v. Hanning*, 89 Ohio St.3d 86, 90, 728 N.E.2d 1059 (2000). Before ordering a discretionary transfer, the juvenile court must conduct an amenability hearing. *State v. D.W.*, 133 Ohio St.3d 434, 2012-Ohio-4544, 978 N.E.2d 894, ¶ 10-12; R.C. 2152.12(B). In addition, before ordering the transfer, the juvenile court must order

---

1. R.C. 2152.02(C)(1) defines "child" as a person under the age of 18. In general, the minimum age for mandatory transfer is 16, R.C. 2152.10(A)(1)(a) and (A)(2), and the minimum age to be eligible for a discretionary transfer is 14, R.C. 2152.10(B). However, different age limits apply when the alleged offense is aggravated murder, murder, attempted aggravated murder, or attempted murder. *See* R.C. 2152.12(A)(1)(a).

an investigation into the child's social history, education, family situation, and "any other factor bearing on whether the child is amenable to juvenile rehabilitation." R.C. 2152.12(C).

{¶ 12} An alleged child offender shall not be tried as an adult for a juvenile offense unless the person has been transferred pursuant to these statutory bindover procedures (or if the person was over the age of 21 when apprehended or taken into custody). R.C. 2152.12(H). Such a transfer "abates the jurisdiction of the juvenile court with respect to the delinquent acts alleged in the complaint," so that all further proceedings relating to the charged act must be discontinued in the juvenile court, and "the case then shall be within the jurisdiction of the court to which it is transferred." R.C. 2152.12(I).

*Steele's petition fails to state a claim cognizable in habeas corpus*

{¶ 13} To be entitled to a writ of habeas corpus, a petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement. R.C. 2725.01; *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10. Habeas corpus is generally available only when the petitioner's maximum sentence has expired and he is being held unlawfully. *Heddleston v. Mack*, 84 Ohio St.3d 213, 214, 702 N.E.2d 1198 (1998). And in those circumstances, the writ is not available when there is an adequate remedy in the ordinary course of the law. *Billiter v. Banks*, 135 Ohio St.3d 426, 2013-Ohio-1719, 988 N.E.2d 556, ¶ 8. "However, there is a limited exception to the adequate-remedy requirement: 'when a court's judgment is void because it lacked jurisdiction, habeas is still an appropriate remedy despite the availability of appeal.' " *Leyman v. Bradshaw*, 146 Ohio St.3d 522, 2016-Ohio-1093, 59 N.E.3d 1236, ¶ 9, quoting *Gaskins v. Shiplevy*, 74 Ohio St.3d 149, 151, 656 N.E.2d 1282 (1995).

{¶ 14} Steele's habeas petition is premised on the latter theory. At one time, if a juvenile court failed to comply with the mandatory requirements of the bindover

statute, its purported transfer of the case to adult court was ineffective and any judgment issued by the transferee court was void. *Johnson v. Timmerman-Cooper*, 93 Ohio St.3d 614, 617, 752 N.E.2d 1153 (2001). And in such cases, the defendant could challenge in habeas a conviction following an improper transfer. *Gaskins* at 151.

{¶ 15} However, we recently overruled *Gaskins* in part in *Smith v. May*, 159 Ohio St.3d 106, 2020-Ohio-61, 148 N.E.3d 542. Whereas we had held in *Gaskins* that *any* deviation from the statutory bindover procedure could create a valid habeas corpus claim, we held in *Smith* that "[d]eviation from a bindover procedure gives rise to a potentially valid habeas claim only if the applicable statute clearly makes the procedure a prerequisite to the transfer of subject-matter jurisdiction to an adult court." *Id*. at ¶ 29. Thus, we made clear in *Smith* that only a jurisdictional defect would be potentially cognizable in habeas corpus. The question is whether the procedural requirement "clearly establishes a barrier to the transfer of jurisdiction." *Id*. at ¶ 32.

{¶ 16} Applying the *Smith* standard to Steele's three theories shows that he has failed to state a claim cognizable in habeas. He does not allege any deviations from jurisdictional requirements in his particular case. Rather, he challenges the constitutionality of the statutory scheme itself.

{¶ 17} Under Steele's first theory, he contends that the Ohio Constitution and Revised Code "categorically require juvenile courts to first provide children with care and rehabilitation before they may even consider whether children are amendable thereto." In other words, Steele is asserting that a juvenile court may *never* bind over a first-time offender to adult court, for any offense. He draws this conclusion from the "purposes" and implications of the statute, not from any language in the statute. But he has not alleged that the juvenile-court judge deviated from a particular jurisdictional requirement in his case, which is a prerequisite for a habeas challenge under *Smith*.

{¶ 18} Likewise, in his second theory, he claims that under the Constitution and *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348, 147 L.Ed.2d 435, a jury must make the determinations required by R.C. 2152.12(B)(3), even though the statute does not provide for a jury. And his third premise—that the entire transfer system creates an unconstitutional presumption of guilt—is a challenge to the system itself, not a claim of a jurisdictional defect.

{¶ 19} Based on our decision in *Smith*, we conclude that Steele has failed to state a claim cognizable in habeas corpus. It is well established that habeas corpus will not lie to challenge the constitutionality of a statute under which the defendant was convicted, so long as the court in which the defendant was convicted had jurisdiction to determine the constitutional question (in which case, the defendant has or had an adequate remedy by way of appeal). *Fortune v. Reshetylo*, 33 Ohio St.2d 22, 26, 294 N.E.2d 880 (1973).

{¶ 20} For these reasons, we affirm the dismissal of Steele's habeas corpus petition. Given our disposition of his petition, it is unnecessary for us to consider the remaining legal arguments presented in Steele's petition and merit brief.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

————————————

Timothy Young, Ohio Public Defender, and Timothy B. Hackett, Assistant Public Defender, for appellant.

Dave Yost, Attorney General, and Stephanie L. Watson, Assistant Attorney General, for appellee.

————————————