[Cite as *Alston v. Bracy*, 2022-Ohio-1208.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| WILLIE ALSTON, | CASE NO. 2021-T-0046 |
| Petitioner, | |
| - v - | Original Action for Habeas Corpus |
| CHARMAINE BRACY, WARDEN, | |
| Respondent. | |

**P E R   C U R I A M**
**O P I N I O N**

Decided: April 11, 2022
Judgment: Petition dismissed

*Willie Alston,* pro se, PID# A280-802, Trumbull Correctional Institution, P.O Box 901, Leavittsburg, OH 44430 (Petitioner).

*Dave Yost,* Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215 (For Respondent).

*Lisa K. Browning,* Senior Assistant Attorney General, Criminal Justice Section, 30 East Broad Street, 23rd Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM.

{¶1} On November 5, 2021, petitioner, Willie Alston filed an original action seeking a Writ of Habeas Corpus for immediate release from imprisonment from Trumbull Correctional Institution, Leavittsburg, Ohio. Petitioner contends that he is wrongfully imprisoned because he has served his complete sentence for his initial conviction and that he was never issued a new inmate number for a felonious assault conviction he

received while imprisoned. For the following reasons, judgment is entered in favor of Respondent, Charmaine Bracy, Warden.

{¶2} Petitioner is currently imprisoned at the Trumbull Correctional Institution pursuant to his 1993 convictions for two counts of attempted murder and two counts of felonious assault. He was sentenced to a prison term of six to 25 years for each attempted murder count and 15 years for each felonious assault count with an additional mandatory three years to be served on each count for firearms specifications. *State v. Alston*, Lorain C.P. 92CRB042139 (Aug. 5, 1993). The additional firearms specifications were concurrent sentences. In 1995, while still imprisoned on his original convictions, petitioner was indicted, tried, and convicted for a felonious assault that occurred while incarcerated at the Lorain Correctional Institution. The court sentenced him to a three to five year prison term to run consecutive to his original sentence. *State v. Alston*, Lorain C.P 95CRB048159 (Jul. 16, 1998).

{¶3} Petitioner seeks a Writ of Habeas Corpus for immediate release claiming that he completed his sentence on the 1992 attempted murder and felonious assault case in May of 2020. Petitioner asserts that he is being wrongfully imprisoned on the 1995 assault conviction because he never received a new inmate number for the 1995 assault conviction and was therefore entitled to release upon completion of the 1992 sentence.

{¶4} Respondent filed a Motion for Summary Judgment. Although captioned as a motion for summary judgment, respondent's motion incorporated language of a Civ.R. 12(B)(6) motion to dismiss. The motion also attached supporting documentation including a sentencing computation which indicates that petitioner completed his 1992 sentence on May 26, 2020. This computation further indicates that because petitioner's 1995 assault

2

conviction occurred while he was imprisoned, he did not receive a new inmate number. The felonious assault conviction was consecutive to his initial 1992 sentence and carried a maximum expiration of sentence of May 25, 2025. Petitioner's next parole board hearing is set for August of 2022.

{¶5} Petitioner filed an untimely Response to respondent's Summary Judgment Motion. In his motion, he stated the reason for the delay in filing his response was caused by the COVID-19 pandemic which has caused quarantines and limited inmate access to the law library.

{¶6} This court issued a judgment entry clarifying that we will consider respondent's motion as a motion for summary judgment rather than a Civ.R. 12(B)(6) motion. *See Jefferson v. Bunting*, 140 Ohio St.3d 62, 2014-Ohio-3074, 14 N.E.3d 1036, ¶ 11-13. The judgment entry also accepted petitioner's untimely filed Response and granted respondent 20 days to file a reply, if any. None has been filed

{¶7} Petitioner's Response argues that he is not challenging the jurisdiction of the court to sentence him, but rather the authority of the Ohio Department of Rehabilitation and Corrections to continue to incarcerate him in relation to his 1995 assault conviction. He states that when he completed his prison sentence for the 1992 attempted murder case, his inmate number should have been retired because he was not subject to further incarceration under that number. He argues that he is being unlawfully detained under the "retired" inmate number.

{¶8} A writ of habeas corpus is an extraordinary remedy that is appropriate only when the petitioner is entitled to immediate release from confinement. *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 188, 652 N.E.2d 746 (1995). In order to be entitled

3

to a writ of habeas corpus, petitioner must show that he is being unlawfully restrained of his liberty under R.C. 2725.01 and that he is entitled to immediate release from his imprisonment. *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10. "Habeas Corpus is generally available only when the petitioner's maximum sentence has expired and he is being held unlawfully. And in those circumstances, the writ is not available when there is an adequate remedy in the ordinary course of the law." (Citations omitted.) *Steele v. Harris*, 161 Ohio St.3d 407, 2020-Ohio-5480, 163 N.E.3d 565, ¶ 13.

{¶9} Pursuant to Civ.R. 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact," (2) "the moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made," even when construing the evidence most strongly in the non-moving party's favor. Civ.R 56(C). Therefore, summary judgment will be appropriate if proof of the allegations contained in the complaint would still not entitle petitioner to release. *Id.*

{¶10} R.C. 2725.01 provides that

> Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation.

Under R.C. 2725.05, a writ of habeas corpus shall not be allowed when a person is in custody "by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to * * * render the judgment."

4

Case No. 2021-T-0046

{¶11} Petitioner has not questioned the jurisdiction of the court to render judgment and he has not alleged that he is imprisoned beyond the time that he was sentenced by the court. Moreover, petitioner has not asserted that his overall sentence has been calculated improperly entitling him to release at an earlier date than that calculated by respondent. Instead, he has argued that he is entitled to release because he was not issued a new inmate number for the 1995 felonious assault conviction which occurred while he was imprisoned for the 1992 attempted murder.

{¶12} A review of petitioner's sentencing entries in the 1992 and 1995 cases, as well as the additional material that respondent submitted, indicates that petitioner has not yet served his maximum sentence. Petitioner cited several cases in his petition for relief which he argues support his claim. However, each case cited involves inmates who were issued new inmate numbers when they committed new crimes while on parole or probation and had already been released from custody. Petitioner himself conceded that none of the cases he cited have facts that are directly comparable to his own. However, he argues that parole, probation, and incarceration are all different forms of sentences imposed by the court. This argument is without merit. Petitioner is not currently being held unlawfully.

{¶13} For this reason, respondent's Motion for Summary Judgment is well taken. Petitioner has not yet served his sentence which he received from a court of competent jurisdiction. There are no set of facts petitioner could prove that would entitle him to relief. *See O'Brien*, 42 Ohio St.3d at 245.

{¶14} In addition, respondent argues that petitioner has failed to comply with R.C. 2969.25(A) which requires an inmate commencing a civil action against a government

5

Case No. 2021-T-0046

entity to "file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." In this case, petitioner submitted an affidavit indicating he filed two writs of mandamus in the Lorain County Court of Common Pleas. These writs were dismissed for being filed in the incorrect venue. However, petitioner failed to provide the case number for these two cases as required under R.C. 2969.25(A)(2). Petitioner also completely failed to reference *Alston v. Erdos,* N.D.Ohio No. 1:19CV752, 2019 WL 6727434, a federal habeas petition which he filed on April 4, 2019. Petitioner acknowledges that he forgot to reference his prior federal habeas petition and asks the court to consider the error harmless as he has filed pro se. However, we need not address this issue as our substantive ruling as to summary judgment renders this deficiency moot.

{¶15} For the foregoing reasons, Respondent's Summary Judgment Motion is granted. It is the order of this court that Alston's Petition for Writ of Habeas Corpus is dismissed.


MARY JANE TRAPP, J., MATT LYNCH, J., JOHN J. EKLUND, J., concur.

Case No. 2021-T-0046