[Cite as *State v. Williams*, 2022-Ohio-2022.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210384 |
| | | TRIAL NO. B-2005339 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| TIMOTHY WILLIAMS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Vacated and Case Remanded

Date of Judgment Entry on Appeal: June 15, 2022

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Alex Scott Havlin,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

Office of the Ohio Public Defender, and *Abigail Christopher* and *Lauren Hammersmith,* Assistant State Public Defenders, for Defendant-Appellant.

**BOCK, Judge.**

{¶1}    In this appeal, appellant-defendant Timothy Williams maintains that the trial court lacked jurisdiction to convict him for tampering with evidence in violation of R.C. 2921.12(A)(1). For the following reasons, we vacate his conviction for that count and remand the matter to the trial court to enter an order consistent with this opinion.

## I. Facts and Procedure

{¶2}    Williams was arrested and charged as a delinquent child with conduct that, if he were an adult, would have constituted murder in violation of R.C. 2903.02(A), murder in violation of R.C. 2903.02(B), and felonious assault in violation of R.C. 2903.11, all with two firearm specifications under R.C. 2941.141 and 2941.145. At the time of the alleged conduct, he was 16 years old.

{¶3}    The juvenile court held a mandatory bindover hearing under R.C. 2152.10(A)(1). At the hearing, the state presented testimony that Williams may have sold the firearm used in the offenses. The juvenile court determined that probable cause existed to support the murder and felonious-assault charges, and the firearm specifications. The juvenile court relinquished its jurisdiction and transferred the case to the Hamilton County Court of Common Pleas.

{¶4}    In the common pleas court, the state indicted Williams for 1.) murder in violation of R.C. 2903.02(A) with a firearm specification, 2.) murder in violation of R.C. 2903.02(B) with a firearm specification, 3.) felonious assault in violation of R.C. 2903.11(A)(1) with a firearm specification, and 4.) tampering with evidence in violation of R.C. 2921.12(A)(1).

{¶5}    Pursuant to a plea agreement, Williams pleaded guilty to count one, reduced to involuntary manslaughter, and count four, tampering with evidence.

2

Relevant here, the trial court imposed a three-year sentence for the tampering-with-evidence charge consecutive to his sentence for count one.

{¶6} Williams appeals his conviction for tampering with evidence.

## II. Law and Analysis

{¶7} Williams challenges his conviction for tampering with evidence in two assignments of error. In his first assignment of error, he contends that the trial court lacked subject-matter jurisdiction to convict him for tampering with evidence in violation of R.C. 2921.12(A)(1). He argues that the juvenile court never transferred jurisdiction of that charge and relies on the Ohio Supreme Court's recent opinion in *State v. Smith,* Slip Opinion No. 2022-Ohio-274.

{¶8} Under R.C. 2151.23, juvenile courts have "exclusive jurisdiction over children alleged to be delinquent for committing acts that would constitute a crime if committed by an adult." *In re M.P.,* 124 Ohio St.3d 445, 2010-Ohio-599, 923 N.E.2d 584, ¶ 11. When "a child is arrested under any charge, complaint, affidavit, or indictment for a felony or misdemeanor, proceedings regarding the child initially shall be in the juvenile court." R.C. 2152.03.

{¶9} But in some circumstances, a child's case "may be transferred to adult court for criminal prosecution by way of R.C. 2152.12." *Smith* at ¶ 22. Transferring a case "occur[s] through a statutory process 'generally referred to as a bindover procedure.'" *Steele v. Harris,* 161 Ohio St.3d 407, 2020-Ohio-5480, 163 N.E.3d 565, ¶ 10, quoting *State v. Wilson,* 73 Ohio St.3d 40, 43, 652 N.E.2d 196 (1995).

{¶10} Transferring the case "abates the jurisdiction of the juvenile court with respect to the delinquent acts alleged in the complaint." R.C. 2152.12(I). In other words, the juvenile court relinquishes its jurisdiction—"all further proceedings

3

pertaining to the act charged shall be discontinued in the juvenile court, and the case then shall be within the jurisdiction of the court to which it is transferred." *Id.*

{¶11} But "[a]bsent a proper bindover procedure * * * the juvenile court has the exclusive subject matter jurisdiction over any case concerning a child who is alleged to be delinquent." *Smith* at ¶ 41, quoting *Wilson* at paragraph one of the syllabus. Indeed, "[n]o person, either before or after reaching eighteen years of age, shall be prosecuted as an adult for an offense committed prior to becoming eighteen years of age, unless" transferred under R.C. 2152.12(A) or (B). R.C. 2152.12(H).

{¶12} The bindover statute establishes different procedures for mandatory transfers in R.C. 2152.12(A), and discretionary transfers in R.C. 2152.12(B). But in all transfers, the juvenile court must first hold a bindover hearing and find "probable cause to believe that the child committed the act charged." *See* R.C. 2152.12(A)(1)(a) and 2152.12(B)(2). The "first and most critical determination[] a juvenile court must make * * * is whether probable cause exists to believe that the child committed *the act charged.*" (Emphasis in original.) *Smith* at ¶ 27.

{¶13} In *State v. Smith,* the Ohio Supreme Court clarified that a "probable cause [finding] is a jurisdictional prerequisite under R.C. 2151.12 to transferring a child to adult court for prosecution of an act charged." *Id.* at ¶ 44. Absent a probable cause finding by the juvenile court, an adult court lacks subject-matter jurisdiction to convict a child. *Id.* at ¶ 42. A transfer "confers jurisdiction to adjudicate only the acts charged for which probable cause has been found by the juvenile court." *Id.* at ¶ 26. Therefore, the scope of an adult court's jurisdiction is "limited to the acts that the juvenile court found were supported by probable cause." *Id.* When a juvenile court makes a probable-cause finding and subsequently transfers jurisdiction to the adult

court, the transfer "does not open the door to prosecution in adult court for any charge the state might later seek in an indictment." *Id.* at ¶ 2.

{¶14} In *Smith,* a complaint filed in the juvenile court charged the allegedly delinquent child with acts that, if he were an adult, would have constituted eight felonies. *Id.* at ¶ 3. The juvenile court held a bindover hearing and found probable cause existed for two counts of aggravated robbery and one count of grand theft. *Id.* at ¶ 9. While these counts included firearm specifications in the complaint, the juvenile court found no probable cause to believe that the acts were committed with a firearm. *Id.* Still more, the court found no probable cause for the theft, failure-to-comply, and possessing-a-weapon-while-under-a-disability counts. *Id.* at ¶ 10.

{¶15} In the adult court, the state charged Smith with nine felonies, including the charges for which the juvenile court had found no probable cause. *Id.* at ¶ 12. Smith pleaded guilty to aggravated robbery with a firearm specification, grand theft, failure to comply, and escape. *Id.* at ¶ 13. The Ohio Supreme Court held that the adult court lacked jurisdiction over the counts and specifications that the juvenile court found were not supported by probable cause. *Id.* at ¶ 42.

{¶16} Turning to the facts of this case, the juvenile court properly transferred the two counts of murder and one count of assault, all with firearm specifications, to the adult court. But this transfer did not open the door for additional charges in the adult court. *See Smith,* Slip Opinion No. 2020-Ohio-244 at ¶ 2. Williams maintains that, because the juvenile court made no probable-cause finding for the count of tampering with evidence, the adult court lacked jurisdiction to convict him of that count. In light of *Smith,* the state conceded this point at oral argument. We agree. The state never charged Williams in the juvenile court with acts that would have constituted tampering with evidence in violation of R.C. 2921.12(A)(1). In turn, the

5

juvenile court neither considered, nor determined, whether probable cause existed to believe that Williams committed that act as required by R.C. 2152.12. Without this finding, the juvenile court retained exclusive jurisdiction over that act. And without a transfer, the adult court lacked jurisdiction to convict him for that act.

{¶17} Therefore, we sustain Williams's first assignment of error. Because of the jurisdictional defect in the bindover process, the trial court lacked subject-matter jurisdiction over the count of tampering with evidence. Without subject-matter jurisdiction, the judgment is void. *In re D.J.*, 1st Dist. Hamilton Nos. C-170615 and C-170616, 2019-Ohio-288, ¶ 46, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27.

{¶18} In his second assignment of error, Williams maintains that he received ineffective assistance of counsel in violation of his Sixth Amendment rights. Specifically, he maintains that his counsel was ineffective for failing to object to the indictment and conviction for tampering with evidence. But our disposition of the first assignment of error renders this assignment of error moot and we decline to address it. *State v. Harris*, 1st Dist. Hamilton No. C-210391, 2022-Ohio-1021, ¶ 1, citing App.R. 12(A)(1)(c).

### III. Conclusion

{¶19} Absent a determination by the juvenile court that probable cause exists to believe that a child committed an act, the adult court lacks subject-matter jurisdiction over that act. In this case, the adult court lacked subject-matter jurisdiction over the tampering-with-evidence count because the juvenile court never determined whether probable cause existed for that count. Williams's conviction and sentence for tampering with evidence is vacated and the matter is remanded to the trial court to enter an order consistent with this opinion.

Judgment accordingly.

**ZAYAS, P.J.,** and **BERGERON, J.,** concur.


Please note:

The court has recorded its entry on the date of the release of this opinion.