[Cite as *State v. Patterson*, 2020-Ohio-244.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 2019CA00090 |
| STEPHEN L. PATTERSON | |
| Defendant-Appellant | O P I N IO N |

CHARACTER OF PROCEEDINGS:     Appeal from the Stark County Court of
                             Common Pleas, Case No. 1994-CR-0765

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      January 27, 2020

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JOHN D. FERRERO                       BARRY T. WAKSER
Prosecuting Attorney                  Stark County Public Defender
Stark County, Ohio                    201 Cleveland Avenue, S.W., Suite #104
                                      Canton, Ohio  44702
KRISTINE W. BEARD
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South, Suite #510
Canton, Ohio  44702-1413

*Hoffman, P.J.*

{¶1}   Defendant-appellant Stephen L. Patterson appeals the May 10, 2019 Judgment Entry entered by the Stark County Court of Common Pleas, which designated him a sexual predator, following a House Bill 180 hearing.  Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE CASE AND FACTS

{¶2}   On June 14, 1995, Appellant pled guilty to one count of Rape.  The victim was Appellant's four year old niece.  Appellant was sentence to an indefinite prison term of 9 to 25 years.  Prior to his release from prison, the Ohio Department of Rehabilitation and Correction ("ODRC") requested the trial court conduct a House Bill 180 hearing.  The classification inquiry was conducted pursuant to Megan's Law due to the date of Appellant's conviction.

{¶3}   At the hearing, the parties submitted Joint Exhibit 1, which included information from ODRC relative to Appellant's incarceration.  In support of its position Appellant should be classified a sexual predator with a lifetime registration requirement, the state advised the trial court Appellant's victim was a four year old family member whom Appellant forced to engage in oral sex.  The state indicated, upon his release from prison, Appellant will have served 25 years.  The state noted the parole board had twice denied Appellant's request for parole.

{¶4}   In addition, the state noted Appellant completed a sex offender treatment program in 2004, but was instructed to complete the program a second time.  The treatment notes revealed Appellant accepted responsibility for the harm he caused the victim, displayed positive behavior patterns, and consistently identified and reported cognitive distortions.  However, in 2011, Appellant admitted he had had a fascination with

sexual deviancy his entire life. He also admitted thinking about sexually abusing the victim's mother. Since 2006, Appellant had been issued four conduct reports, twice for engaging in consensual sexual behavior with another inmate.

{¶5} Appellant testified on his own behalf. He stated, through treatment, he had learned he needs to take responsibility for his actions; learned to identify high risk situations; and learned anger management. Appellant added the sex offender treatment program helped him to address situations as they arose rather than allowing things to "pile up" on him. He also learned to ask for help. Appellant added he had learned to properly express his feelings as a gay man, and explained such was the reason for his consensual sexual experiences while in the institution which resulted in the rule violations. While incarcerated, Appellant completed a college degree in business administration. Appellant indicated he regretted his offense and God had led him to change the world and make society a better place.

{¶6} After hearing the evidence, the trial court took the matter under advisement, and provided the parties with 48 hours in which to submit any additional authority. Via Judgment Entry filed May 10, 2019, the trial court classified Appellant as a sexual predator with a lifetime reporting requirement. The trial court found there was sufficient evidence to establish by clear and convincing evidence. Appellant is likely to engage in one or more sexually oriented offenses in the future.

{¶7} It is from this decision Appellant appeals, raising as his sole assignment of error:

THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A SEXUAL PREDATOR WITHOUT A RECORD OR CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.

{¶8}  In his sole assignment of error, Appellant challenges his sexual predator classification. Specifically, Appellant argues the state failed to prove by clear and convincing evidence he is "likely to engage in the future in one or more sexually oriented offenses."

{¶9}  In 1996, the General Assembly enacted Ohio's version of the federal "Megan's Law" legislation, which created a comprehensive registration and classification system for sex offenders.  *State v. Bodyke*, 126 Ohio St.3d 266, 2010–Ohio–2424, 933 N.E.2d 753, ¶ 6–7. Under Megan's Law, a sentencing court was required to determine whether a sex offender fell into one of three classifications (1) sexually oriented offender, (2) habitual sex offender, or (3) sexual predator.  *State v. Cook*, 83 Ohio St.3d 404, 407, 700 N.E.2d 570 (1998).

{¶10} In 2007, the Ohio General Assembly enacted the Adam Walsh Act, which imposed a three-tiered sexual offender classification system. *Bodyke* at ¶ 20. Thus, sexual predator hearings were no longer necessary under the Adam Walsh Act, since classifications were automatically determined based on the offense committed. *Id.* However, the Ohio Supreme Court held the Adam Walsh Act could not be applied retroactively to offenders who committed their offenses prior to the act's effective date, January 1, 2008. Because Appellant committed the offense which triggered the sexual

predator hearing prior to January 1, 2008, Megan's Law is the applicable classification system. *Id.*

**{¶11}** A sexual predator classification under Megan's Law is considered civil in nature; therefore, the civil manifest weight of the evidence standard of review applies on appeal. *State v. Nelson*, 8th Dist. Cuyahoga No. 101228, 2014–Ohio–5285, ¶ 8. Under the manifest weight of the evidence standard, this Court must give "great deference" to the trial court's findings of fact. *State v. Wilson*, 113 Ohio St.3d 382, 2007–Ohio–2202, 865 N.E.2d 1264, ¶ 26. "Thus, a judgment supported by 'some competent, credible evidence going to all the essential elements of the case' must be affirmed." *Id.*, citing *C.E. Morris Co. v. Foley Constr. Co.,* 54 Ohio St.2d 279, 376 N.E.2d 578 (1978)

**{¶12}** "To earn the most severe designation of sexual predator, the defendant must have been convicted of or pled guilty to committing a sexually oriented offense and must be 'likely to engage in the future in one or more sexually oriented offenses.' R.C. 2950.01(E)." *State v. Eppinger,* 91 Ohio St.3d 158, 161, 2001–Ohio–247, 743 N.E.2d 881. The state has the burden of proving that the offender is a sexual predator by clear and convincing evidence. *State v. Wilson,* 113 Ohio St.3d 382, 865 N.E.2d 1264, 2007–Ohio 2202, at ¶ 20, citing former R.C. 2950.09(B)(4). "Clear and convincing evidence is evidence that 'will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *Id.,* quoting *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. The "clear-and-convincing standard requires a higher degree of proof than a 'preponderance of the evidence,' but less than 'evidence beyond a reasonable doubt'." *Id.,* quoting *State v. Ingram,* 82 Ohio App.3d 341, 346, 612 N.E.2d 454 (2d Dist. 1992).

**{¶13}** In making its determination as to whether an offender is a sexual predator, the trial court must consider all relevant factors to determine whether the individual is likely to engage in future sex offenses. These factors include, but are not limited to: (1) the age of the offender and criminal record; (2) the victim's age; (3) whether the offense involved multiple victims; (4) whether the offender used drugs or alcohol to impair the victim; (5) if the offender has previously been convicted of any criminal offense; (6) whether the offender participated in any available program for sex offenders; (7) whether the offender demonstrated a pattern of abuse or displayed cruelty toward the victim; (8) any mental illness or disability of the offender; and (9) any other behavioral characteristics that contribute to the sex offender's conduct. Former R.C. 2950.09(B)(3)(a)-(j).

**{¶14}** The "trial court is not required to individually assess each of these statutory factors on the record nor is it required to find a specific number of these factors before it can adjudicate an offender a sexual predator so long as its determination is grounded upon clear and convincing evidence." *State v. Caraballo,* 8th Dist. Cuyahoga No. 89757, 2008–Ohio–2046, ¶ 8, citing *State v. Ferguson,* 8th Dist. Cuyahoga No. 88450, 2007–Ohio–2777; *State v. Purser,* 153 Ohio App.3d 144, 149, 2003–Ohio–3523, 791 N.E.2d 1053 (8th Dist.). "The court need not elaborate on its reasons for finding certain factors as long as the record includes the particular evidence upon which the trial court relied in making its adjudication." *Caraballo* at ¶ 8, citing *Ferguson*, supra; *Eppinger, supra* at 166.

**{¶15}** Appellant maintains the state failed to prove by clear and convincing evidence he "is likely to engage in the future in one or more sexually oriented offenses". Appellant points to certain information included in Joint Exhibit 1 which weighs in favor of a less restrictive classification.   Appellant received a score of three on his Static–99 test,

which indicates an average risk of reoffending. He completed twenty four months of sex offender programs with "good progress." An Accountability Review Plan dated December 21, 2011, indicated Appellant accepted full responsibility for his actions and had shown good progress. A Completion Summary dated May 24, 2013, noted Appellant "fully accepted responsibility for the harm caused" to the victim; regularly attended and actively participated in group; appropriately offered feedback and accepted constructive criticism; and actively participated in his own programming and consistently displayed positive behavior patterns. With respect to the prison rules violation, he explained, while a violation of prison rules, such was not a crime. He adds it was a single incident of consensual sexual behavior between two adults.

{¶16} In support of its position, the state argues Appellant was 56 years old at the time of the hearing, and upon his release, he will have served twenty five years in prison, the maximum period of his indefinite sentence. The parole board had twice denied Appellant's request for parole. According to the state, Appellant's criminal history consisted of a misdemeanor conviction and possibly a felony conviction in addition to the 1994 rape conviction at issue herein. The victim was Appellant's four year old niece whom he forced to engage in oral sex. Appellant completed a sex offender treatment program in 2004, but was asked to complete the program a second time. The state acknowledges the information provided in the May 24, 2013 Completion Summary, but adds, in 2011, Appellant admitted he has had a fascination with sexual deviancy his entire life. He also admitted he thought about sexually abusing the victim's mother. While incarcerated, Appellant received two prison violations for engaging in consensual sexual behavior with other inmates.

**{¶17}** The trial court stated the information received from the Ohio Department of Rehabilitation and Corrections regarding Appellant was limited. Nonetheless, the trial court was able to glean salient information with which to make its determination. Appellant acknowledged he engaged in oral sex with his four year old niece. Appellant admitted he "had a problem with this kind of sexual deviancy in his life." Appellant reported he had a drug problem. Information provided in a Sex Offender Assessment dated March 31, 2011, revealed, although Appellant did not have any prior sex offense convictions, the victim's mother had reported he had tried to engage her in sexual behavior against her will in the past.

**{¶18}** The trial court also considered Appellant's criminal record. Appellant's juvenile record included attempted breaking and entering when he was 13 years old, and being unruly at age 14. His adult record included DUI and robbery at age 18; suspicion of dementia at age 20; robbery at age 22; possession of a controlled substance and aggravated robbery at age 25; and impersonating an officer at age 31.

**{¶19}** The trial court noted issues with Appellant's behavior while he was incarcerated. Appellant had been issued four conduct reports since 2006. The most serious which involved engaging in sexual behavior with another inmate. Contrary to Appellant's position, the trial court found the report dated December 21, 2011, revealed Appellant had made no progress in identifying cognitive distortions and sexual deviancy, implementing strategies for change, or understanding risk management strategies and intervention. A report filed May 26, 2011, noted Appellant admitted he committed the 1994 offense, but refused to take responsibility beyond the admission. The report also stated Appellant regularly attended group meetings, but he did not actively participate.

**{¶20}** Based upon the foregoing, we find the trial court's decision to classify Appellant as a sexual predator is not against the manifest weight of the evidence. The evidence produced by the state was sufficient for the trial court to find by clear and convincing evidence Appellant is likely to reoffend; therefore, the trial court properly found him to be a "sexual predator."

**{¶21}** Accordingly, Appellant's sole assignment of error is overrule

**{¶22}** The judgment of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Gwin, J. and

Wise, John, J. concur