[Cite as *State v. Hope*, 2022-Ohio-1753.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                              :

    Plaintiff-Appellant,            :

                       Nos. 110611, 110612, and

    v.                                          :       110613

MARSHALL HOPE,                           :

    Defendant-Appellant.        :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 26, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-20-652893-A, CR-20-652895-A, CR-20-653065-A,
DL-20-105982, DL-20-106786, and DL-20-107066

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Eric Collins, Assistant Prosecuting
Attorney, *for appellee.*

Timothy Young, Ohio Public Defender, and Timothy B.
Hackett, Assistant State Public Defender, *for appellant.*

SEAN C. GALLAGHER, A.J.:

{¶ 1} Marshall Hope appeals his convictions in three separate cases,

involving felony assault, robbery, and various weapons violations. In this appeal,

Hope claims that the juvenile court failed to render a valid probable-cause determination before transferring the case to the general division of the common pleas court ("general division") under R.C. 2152.12(A)(2), and in the alternative, Hope argues that his sentences that include non-life indefinite sentences under R.C. 2929.144 and 2929.14(A)(1)(a) and (A)(2)(a) are unconstitutional. For the following reasons, we affirm.

{¶ 2} Before the commencement of the underlying actions, Hope was bound over from juvenile court and convicted of various felony offenses in the general division, the facts of which are not relevant to our review. Cuyahoga C.P. Nos. CR-19-644391, CR-19-644392, and CR-19-643005 ("2019 cases"). Following those earlier convictions, three new cases were filed against Hope, with the proceedings being initiated in juvenile court. According to the state, in three separate incidents Hope stole a phone from a Regional Transit Authority passenger, punching the victim in the face before fleeing; assaulted his ex-girlfriend and threatened her with a firearm; and brandished a firearm after a victim declined to provide Hope a cigarette in the parking lot of a fast-food establishment. Hope was apprehended by police officers who pursued him after the third incident.

{¶ 3} At an initial hearing before the magistrate on two of the three cases, Hope expressed his understanding that he was not supposed to be in juvenile court because of his prior felony convictions, repeatedly interrupting the proceedings to ask about being returned to "the county." At a subsequent hearing before the juvenile court, the third case had just been initiated and Hope was being arraigned

on that case along with continuing the proceedings on the two earlier cases. The prosecutor introduced the certified entries of the convictions for the 2019 cases in support of the motion to transfer the cases. Hope conceded that he was "the individual who was found guilty [in the 2019 cases] in the court of common pleas" and that he "receive[d] a sentence to * * * Lorain Correctional Institute [sic]" as a result. Hope then expressly consented to the state's motion to transfer the three cases.

{¶ 4} The juvenile court "noted that based on [Hope's] guilty finding on the cases that were transferred from this Court pursuant to 2151.12 and then he was subsequently, again, found guilty of those offenses, he is no longer a child under the definition of the statute and therefore not subject to the Juvenile Court jurisdiction." This conclusion is in line with R.C. 2152.02(C)(5), which provides that any minor previously convicted of a felony offense in criminal court is not considered a "child" for the purposes of the juvenile court's jurisdiction established in R.C. 2151.23(A). Recognition of the jurisdictional limitation terminated the juvenile court's proceedings.

{¶ 5} Instead of memorializing the lack of jurisdiction as the basis for the transfer, the juvenile court issued a journal entry in each of Hope's three cases, transferring them to the general division and erroneously stating that Hope "stipulates to a finding of probable cause to all counts in this matter." Each journal entry also states that "[u]pon the conclusion of all evidence presented * * * the Court finds probable cause to believe that [Hope] committed" the acts alleged in the

juvenile complaints. The juvenile court thus purported to exercise judicial authority it already claimed to lack, but that was an error in drafting, not substance. The hearing transcript reflected the trial court's decision to transfer the case for the want of jurisdiction and that it never considered a probable-cause determination or asked for any stipulations to that effect.

{¶ 6} This was purely an error in journalizing what had occurred. As Hope recognized after the fact, at his change-of-plea hearing in the general division after the cases were transferred and upon the trial court inquiring as to the transfer, "[t]here was no probable cause hearing or amenability. Just a hearing to state that he was previously convicted as an adult." Thus, the parties and the trial court in the general division acknowledged that the cases were transferred to the general division for disposition as required under R.C. 2152.12(A)(2), rendering any error in the juvenile court's journal entries, at best, harmless.

{¶ 7} In Cuyahoga C.P. No. CR-20-653065, Hope pleaded guilty to having weapons while under disability, a third-degree felony, in violation of R.C. 2923.13(A)(2), and assault, a first-degree misdemeanor, in violation of R.C. 2903.13(A). Hope was sentenced to three years in prison for the weapons violation and 180 days for the assault, to be served concurrently. In Cuyahoga C.P. No. CR-20-6532893, Hope pleaded guilty to robbery, a second-degree felony, in violation of R.C. 2911.02(A)(2). The court sentenced Hope to an indefinite prison term of seven to ten and a half years, in accordance with R.C. 2929.144 and 2929.14(A)(2)(a). And in Cuyahoga C.P. No. CR-20-652895, Hope pleaded guilty to attempted robbery, a

fourth-degree felony, in violation of R.C. 2923.02 and 2911.02(A)(3), with a one-year firearm specification in violation of R.C. 2941.141, and having weapons while under disability, a third-degree felony, in violation of R.C. 2903.12(A)(2). He was sentenced to 18 months in prison for the attempted robbery, one year for the firearm specification, and three years for the weapons violation. The sentences for the attempted robbery and weapons charge were imposed concurrently to each other, but consecutive to the firearm specification, leaving a four-year aggregate term of imprisonment for that case. In addition, the trial court ordered that the terms of imprisonment as between the three cases be served consecutively.

{¶ 8} It is from these convictions that Hope appeals and advances four assignments of error: (1) the trial court erred by failing to conduct a valid probable-cause hearing and transferring the case to the general division regardless of the fact that R.C. 2152.12(A)(2) does not contain such a requirement; (2) that a mandatory transfer from juvenile court to the criminal court without an amenability hearing violated Hope's constitutional rights, claiming that *State v. Aalim*, 150 Ohio St.3d 489, 2017-Ohio-2956, 83 N.E.3d 883, ¶ 38 ("*Aalim II*"), was wrongly decided; (3) that Hope was deprived of effective assistance of counsel because his counsel failed to request a probable-cause hearing; and (4) that the non-life indefinite sentence imposed in one of the cases was unconstitutional.

{¶ 9} Hope's argument with respect to the validity of the mandatory transfer without an amenability hearing, as advanced in the second assignment of error, is based on *State v. Aalim*, 150 Ohio St.3d 463, 2016-Ohio-8278, 83 N.E.3d

862, which was vacated and supplanted by *Aalim II*. We have no authority to overrule *Aalim II,* in which the Ohio Supreme Court declared that mandatory transfers of juvenile cases to a criminal court are not unconstitutional based on the lack of an amenability hearing. *Id.* at ¶ 38. As Hope acknowledges, the Ohio Supreme Court has accepted *State v. Bunch*, 7th Dist. Mahoning No. 18 MA 0022, 2021-Ohio-1244, ¶ 27-32, for review, including a proposition of law seeking to once again revisit the issues presented in the *Aalim* cases regarding whether amenability hearings are required before any case is transferred from the juvenile court to a criminal court. *State v. Bunch*, 163 Ohio St.3d 1501, 2021-Ohio-2307, 170 N.E.3d 889. Unless or until the Ohio Supreme Court addresses *Aalim II*, we are duty bound to follow it. With no other arguments presented for our review, we must overrule the second assignment of error. App.R. 16(A)(7).

{¶ 10} Hope's argument on the indefinite-sentencing issue, as advanced in the fourth assignment of error, singularly rests on the analysis provided in the panel decision in *State v. Sealey*, 2021-Ohio-1949, 173 N.E.3d 894 (8th Dist.), which affirmed a trial court's conclusion that the Reagan Tokes Law was unconstitutional. *Id.* at ¶ 45. *Sealey* was overruled and vacated through this court's en banc process. *State v. Sealey*, 8th Dist. Cuyahoga No. 109670, 2022-Ohio-1166. In *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, the general constitutional challenges advanced against the validity of the Reagan Tokes Law and the non-life indefinite sentencing structure therein have been

overruled. *See also State v. Daniel*, 8th Dist. Cuyahoga No. 109583, 2022-Ohio-1165, ¶ 5. The fourth assignment of error is, therefore, without merit.

{¶ 11} Turning to the more substantive arguments, in the first and third assignments of error, Hope claims that a probable-cause determination was required under R.C. 2152.12(A)(2) to effectuate the mandatory transfer to the general division. That subdivision provides in pertinent part:

> The juvenile court also shall transfer a case in the circumstances described in division (C)(5) of section 2152.02 of the Revised Code or if * * * [a] complaint is filed against a child who is eligible for a discretionary transfer under section 2152.10 of the Revised Code and who previously was convicted of or pleaded guilty to a felony in a case that was transferred to a criminal court.

Under R.C. 2152.02(C)(5), any person whose case was transferred for criminal prosecution and who pleads guilty to a felony, subject to an inapplicable exception, "shall" thereafter be deemed not a child "in any case in which a complaint is filed against *the individual*." (Emphasis added.) *State v. Jones*, 8th Dist. Cuyahoga Nos. 110453 and 110454, 2022-Ohio-1169, ¶ 54. After being convicted of a felony offense, the offender is no longer considered a "child" and the legislature shifts its discussion to calling the individual a "person" for the purposes of future cases. R.C. 2151.23(A)(1) provides that a juvenile court has "exclusive original jurisdiction" with respect to "any child" who is alleged to be a "delinquent, unruly, abused, neglected, or dependent child." *State ex rel. Jean-Baptiste v. Kirsch*, 134 Ohio St.3d 421, 2012-Ohio-5697, 983 N.E.2d 302, ¶ 18 ("[T]he juvenile court has exclusive original jurisdiction '[c]oncerning any child who on or about the date

specified in the complaint, indictment, or information is alleged * * * to be * * * a delinquent * * * child.'").

{¶ 12} Although the legislature has generally defined the term "child" to include all persons under the age of eighteen, *see* R.C. 2151.011(B)(6) and 2152.02(C)(1), the more specific statutory section, R.C. 2152.02(C)(5), creates an exception to the general rule. Indeed, under R.C. 2152.02(C)(1), the legislature reaffirmed that "'child' means a person who is under eighteen years of age, *except as otherwise provided* in divisions (C)(2) to (8) of this section." (Emphasis added.) R.C. 2152.02(C)(5) impacts the juvenile court's jurisdiction under R.C. 2151.23(A) by redefining who is considered a "child." The definitional provisions under R.C. 2152.02(C) impact the juvenile court's subject-matter jurisdiction. *See generally State v. Hudson*, Slip Opinion No. 2022-Ohio-1435.[1] "Subject-matter jurisdiction is a condition precedent to a court's power to adjudicate and render judgment in a case and, 'in the absence of subject-matter jurisdiction, a court lacks the authority to do anything but announce its lack of jurisdiction and dismiss,'" *id.* at ¶ 22, quoting *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 21.

{¶ 13} We must give meaning to statutory language as written and cannot interpret the statutes in such a way as to render a provision inoperable. *State ex rel.*

---

[1] *Hudson* concludes that the state did not properly invoke the general division's jurisdiction over a criminal matter when a juvenile was apprehended before his 21st birthday because the juvenile court maintained exclusive jurisdiction for the initiation of all proceedings under R.C. 2152.02. Because the current matter was initiated in juvenile court and transferred under R.C. 2152.02(C)(5) and 2152.12(A)(2), *Hudson* does not alter the outcome. It simply reinforces the jurisdictional analysis provided herein.

*Steele v. Morrissey*, 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶ 21; *Gerrity v. Chervenak*, 162 Ohio St.3d 694, 2020-Ohio-6705, 166 N.E.3d 1230, ¶ 14, citing *Commerce & Industry Ins. Co. v. Toledo*, 45 Ohio St.3d 96, 102, 543 N.E.2d 1188 (1989), and R.C. 1.47(B). If the statutory language is unambiguous, judicial review begins and ends with the statutory language. *Johnson v. Montgomery*, 151 Ohio St.3d 75, 2017-Ohio-7445, 86 N.E.3d 279, ¶ 15. Elevating the general definition contained in other sections of the Ohio Revised Code, such as R.C. 2151.011(B)(6), over the more specific clarification would render R.C. 2152.02(C)(5) a nullity. We cannot accept any invitation to do so.

{¶ 14} Thus, under R.C. 2152.12(A)(2), the juvenile court must transfer the case to a criminal court if R.C. 2152.02(C)(5) applies or if the complaint is filed against a "child" who is eligible for a discretionary transfer and that "child" was previously convicted of or pleaded guilty to a felony in a case transferred to a criminal court. If R.C. 2152.02(C)(5) applies, the juvenile court lacks jurisdiction over the case since the juvenile offender is no longer deemed a "child." On the other hand, if R.C. 2152.12(A)(2)(a) applies, meaning the juvenile offender is still considered a "child" under the law, the legislature has created another exception to the general requirement of a probable-cause determination to effectuate the mandatory transfer of the case from juvenile court to a criminal court. *See, e.g.,* R.C. 2152.12(A)(1) and (B). In simplistic terms, once a juvenile offender has been convicted of an offense as an adult, any future cases alleging felony conduct must be resolved in the general division instead of the juvenile court.

{¶ 15} Our focus must be on the jurisdictional issue in this case, especially since that was the focus of the juvenile court. *State ex rel. McGinty v. Eighth Dist. Court of Appeals*, 142 Ohio St.3d 100, 2015-Ohio-937, 28 N.E.3d 88, ¶ 13. "A court possessed of general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal or other postjudgment action. *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 19, citing *State ex rel. Pruitt v. Donnelly*, 129 Ohio St.3d 498, 2011-Ohio-4203, 954 N.E.2d 117, ¶ 2; *Salloum v. Falkowski*, 151 Ohio St.3d 531, 2017-Ohio-8722, 90 N.E.3d 918, ¶ 10. Although the juvenile court initially possessed jurisdiction to determine whether its jurisdiction was properly invoked, it was confined to that review. *Salloum* at ¶ 11.

{¶ 16} Although the underlying proceedings began in juvenile court, the mandatory transfer under R.C. 2152.12(A)(2) is perfunctory once it was determined that Hope was convicted of felony offenses in previous cases in the general division. Because Hope was not a "child" as statutorily defined under R.C. 2152.02(C)(5) at the time of the commencement of the juvenile proceedings, the juvenile court no longer possessed subject-matter jurisdiction under R.C. 2151.23(A) to resolve the criminal charges against Hope, much less to exercise any judicial discretion in determining whether there is probable cause to believe that Hope committed the criminal acts. *Hudson,* Slip Opinion No. 2022-Ohio-1435 at ¶ 22.

{¶ 17} We, therefore, need not consider the merits of Hope's assigned errors, which completely ignore the jurisdictional limitation and focus on the mechanics of

the probable-cause determination the juvenile court lacked jurisdiction to resolve. App.R. 16(A)(7). Hope has not challenged the juvenile court's conclusion that it lacked jurisdiction over the three cases — the only issue presented and resolved in juvenile court. The transfer to the general division was effectively a ministerial task limited to transferring the cases to the only court with jurisdiction over the criminal charges.

{¶ 18} Although Hope has not discussed, much less challenged, the jurisdictional question, we have a duty to independently review the juvenile court's jurisdiction over the matter. *In re A.W.*, 160 Ohio St.3d 183, 2020-Ohio-1457, 155 N.E.3d 819, ¶ 7 (sua sponte vacating the adult portion of the juvenile disposition after concluding that the juvenile court lacked jurisdiction).[2] In *A.W.*, the parties focused on the invocation of a serious-youthful-offender disposition following a juvenile-delinquency proceeding. *Id.* at ¶ 1. The appellate court affirmed the invocation under the juvenile court's broad powers. *Id.* at ¶ 6. The Ohio Supreme Court accepted a single proposition of law for review: "the adult portion of an SYO

---

[2] In *In re M.J.*, 2019-Ohio-1651, 135 N.E.3d 1087, ¶ 20 (8th Dist.), a panel concluded that a trial court's failure to consider the statutory requirements of R.C. Chapter 2152, including 2152.12(A)(2), is voidable error, not subject to correction in a collateral proceeding. In order to exercise its jurisdiction over a "child," the juvenile court must consider R.C. 2152.02(C)(5) because that impacts whether the court possesses subject-matter jurisdiction — an issue that can never be waived. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19; *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248; *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776. Nevertheless, *M.J.* is distinguishable because Hope conceded in his appellate briefing that the juvenile court concluded that it lacked jurisdiction over Hope's cases, preserving this argument for our review in this direct appeal, unlike the "collateral attack" advanced in *M.J.*

sentence cannot be invoked for failure to complete [DYS] programming unless the offender was given notice that the failure to comply could trigger invocation of the adult sentence and it was possible for the offender to have completed it." The court, however, sua sponte determined that the juvenile court lacked jurisdiction over the offender, and the disposition was vacated despite the issue having never been identified until after the Ohio Supreme Court accepted the proposition of law for review. *Id.* at ¶ 7-8. Under *A.W.*, we must review the juvenile court's jurisdiction as a preliminary matter.

{¶ 19} Because Hope has not addressed the correct procedural posture of this case, we must overrule the first and third assignments of error.

{¶ 20} Notwithstanding, an argument has been presented based on a recent decision from the Ohio Supreme Court potentially impacting resolution of this appeal. In *State v. Smith*, Slip Opinion No. 2022-Ohio-274, the Ohio Supreme Court broadly opined that all mandatory transfers must be based on a probable-cause determination before defining the scope of a transfer after a juvenile court renders a probable-cause determination. *Id.* at ¶ 27, 44. Hope has not asked for leave to assert *Smith* as supplemental authority in support of his arguments, and it is not this court's obligation to require Hope to do so. *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 19, quoting *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 78 (O'Donnell, J., concurring in part and dissenting in part) ("'[A]ppellate courts do not sit as self-directed boards of legal inquiry and research, but [preside] essentially as arbiters of legal questions

presented and argued by the parties before them.'"); *State v. Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667, 19 N.E.3d 888, ¶ 21, quoting *State v. 1981 Dodge Ram Van*, 36 Ohio St.3d 168, 170, 522 N.E.2d 524 (1988) ("[A]ppellate courts should not decide cases on the basis of a new, unbriefed issue without 'giv[ing] the parties notice of its intention and an opportunity to brief the issue.'").

{¶ 21} Further, *Smith's* overly broad statement regarding the necessity of a probable-cause determination for all mandatory transfers is not novel, although it is an over-simplification of complicated statutory law. Hope had the opportunity to present an argument based on similar pronouncements and failed to do so in his appellate briefing. *See, e.g., Steele v. Harris*, 161 Ohio St.3d 407, 2020-Ohio-5480, 163 N.E.3d 565, ¶ 11 ("If a child appears to be eligible for mandatory transfer, the juvenile court must conduct a hearing to determine whether the child meets the eligibility criteria and whether there is probable cause to believe that the child committed the act charged. R.C. 2152.12(A)(1); Juv.R. 30(A)."); *Smith v. May*, 159 Ohio St.3d 106, 2020-Ohio-61, 148 N.E.3d 542, ¶ 4 (same).

{¶ 22} Notwithstanding, and in light of the repeated use of the broad language from *Smith,* Slip Opinion No. 2022-Ohio-274, it bears noting that *Smith* does not impact the outcome herein. There are two types of transfers from juvenile court to the general division. One is mandatory, and the other is discretionary. *State v. Beauregard*, 8th Dist. Cuyahoga No. 101418, 2015-Ohio-1021, ¶ 12. In some situations, a mandatory transfer may hinge on the probable-cause determination. R.C. 2152.12(A)(1). There is an exception, as already discussed. A juvenile court is

required to transfer "a case," without rendering a probable-cause determination, if the juvenile is not a "child" under R.C. 2152.02(C)(5) or a "complaint is filed against a child who is eligible for a discretionary transfer under section 2152.10 of the Revised Code and who previously was convicted of or pleaded guilty to a felony in a case that was transferred to a criminal court." R.C. 2152.12(A)(2); R.C. 2152.10(A)(3) ("A child * * * is eligible for mandatory transfer and shall be transferred * * * in any of the following circumstances: * * * [R.C. 2152.12(A)(2)] applies."). There is no statutory requirement for the trial court to consider the probable-cause issue before initiating the transfer under R.C. 2152.12(A)(2).

{¶ 23} On this point, Hope seeks to insert such a requirement into the otherwise unambiguous language of R.C. 2152.12(A)(2), claiming that because R.C. 2152.12(A)(1) includes a probable-cause-determination requirement for a mandatory transfer of cases alleging that a child committed an act that would be some form of murder or having committed a category two offense, then, too, should R.C. 2152.12(A)(2). Hope has not cited any authority in support of this proposition. App.R. 16(A)(7).

{¶ 24} For good reason, Hope's claim is contrary to basic principles of statutory interpretation. The inclusion of a probable-cause determination under subdivision (A)(1)(a) and (b) of R.C. 2152.12 demonstrates the legislature's awareness of the need to create the requirement such that its absence from subdivision (A)(2) speaks volumes. "The 'General Assembly's use of particular language to modify one part of a statute but not another part demonstrates that the

General Assembly knows how to make that modification and has chosen not to make that modification in the latter part of the statute.'" *Wilson v. Durrani*, 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448, ¶ 30, quoting *Hulsmeyer v. Hospice of S.W. Ohio, Inc.*, 142 Ohio St.3d 236, 2014-Ohio-5511, 29 N.E.3d 903, ¶ 26. *Smith* purports to stand for a different proposition.

{¶ 25} In *Smith*, the Ohio Supreme Court opined that probable cause is part of the procedure in *some* mandatory transfer cases, seemingly giving credence to Hope's unsupported claim that R.C. 2152.12(A)(2) requires a probable-cause determination irrespective of the legislative omission. *Smith,* Slip Opinion No. 2022-Ohio-274 at ¶ 27, citing R.C. 2152.12(A) and (B)(2). The *Smith* majority stated that "[o]ne of the first and most critical determinations a juvenile court must make in evaluating whether to relinquish jurisdiction to an adult court—in both mandatory- and discretionary-bindover cases—is whether probable cause exists to believe that the child committed the act charged." *Id*. The majority then concluded that "[a] finding of probable cause is a jurisdictional prerequisite under R.C. 2152.12 to transferring a child to adult court for prosecution of an act charged." *Id*. at ¶ 44.

{¶ 26} Thus, according to the Ohio Supreme Court, the "critical determination" is whether the juvenile court "relinquishes" its jurisdiction over a "child." If the juvenile court does not possess jurisdiction over the case under the combined application of R.C. 2152.12(A)(2), 2152.02(C)(5), and 2151.23(A), however, there is nothing to relinquish. Thus, it cannot be concluded that a probable-cause hearing is required for *all* mandatory transfers under R.C. 2152.12

as the *Smith* Court opined, much less would it be required under the circumstances of this case.

{¶ 27} *Smith* also failed to address R.C. 2152.12(A)(2)(a) or (b) altogether, which also does not include a probable-cause-determination requirement before triggering the mandatory transfer. Instead, the *Smith* majority limited itself to the other transfer provisions from R.C. 2152.12 that include a probable-cause-determination requirement in reaching its conclusion that a probable-cause determination is required in all transfers to the general division. *Id.*, citing R.C. 2152.12(A)(1)(a), (A)(1)(b), and (B)(2). This conclusion is not supported by the plain and unambiguous language of R.C. 2152.12(A)(2), which is conspicuously absent from the *Smith* majority's discussion. Under that provision, there is no requirement for the juvenile court to undertake a probable-cause determination before transferring the case to the general division for felony prosecution unlike R.C. 2152.12(A)(1).

{¶ 28} In fact, the legislature acknowledged the two differing requirements for a mandatory transfer under R.C. 2152.12(A). After describing the requirements for the mandatory transfer under R.C. 2152.12(A)(1), the legislature provided that the juvenile court "also shall transfer" a case if the conditions under R.C. 2152.12(A)(2) are satisfied, without establishing the need to render a probable-cause determination as had been required for the other mandatory transfers as provided in subdivision (A)(1) of the statute. "In construing a statute, we may not add or delete words." *State v. Hughes*, 86 Ohio St.3d 424, 427, 715 N.E.2d 540 (1999),

citing *State ex rel. Sears, Roebuck & Co. v. Indus. Comm.*, 52 Ohio St.3d 144, 148, 556 N.E.2d 467 (1990).

{¶ 29} We have been down this path with overly broad statements from the Ohio Supreme Court. In *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23, the Ohio Supreme Court broadly concluded that "it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court." In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 27-29, however, the court concluded that the Eighth District Court of Appeals erred as a matter of law in applying the statements from *Marcum* at ¶ 23 because the statements were "made only in passing and were not essential to [the court's] legal holding" and did not comport with the plain language of R.C. 2953.08(G)(2). We have been warned to avoid relying on the Ohio Supreme Court's language uttered in passing.

{¶ 30} *Smith* involved a discretionary transfer proceeding, *Smith,* Slip Opinion No. 2022-Ohio-274 at ¶ 11 and 23, and as a result the decision has no bearing on mandatory transfer proceedings, especially those involving a minor who has previously been convicted of criminal offenses in the general division under R.C. 2152.12(A)(2). Moreover, anything related to the probable-cause determination, as discussed in *Smith,* is dicta since the issue accepted for review, and thus what is essential to the court's legal holding, was limited to determining "what specifically transfers when a juvenile court exercises its discretion and binds over a juvenile,

such as Smith, to an adult court pursuant to R.C. 2152.12" *after* the juvenile court renders a probable-cause determination. *Id*. at ¶ 24. *Smith* did not resolve whether a probable-cause determination is required in all juvenile cases because that was not the issue before the court.

{¶ 31} Under *Jones's* unambiguous pronouncement, if the Ohio Supreme Court makes statements in passing that are not related to the issue accepted for review and contravene unambiguous statutory language, we are required to disregard them. *Jones* at ¶ 27-29. The conclusion in *Smith* with respect to what aspect of the case is transferred following a probable-cause determination is not applicable to the issues in this appeal involving whether a probable-cause determination is required under R.C. 2152.12(A)(2). Reading *Smith* broadly enough to stand for the proposition that a probable-cause determination is required for all transfers under R.C. 2152.12(A)(2) would contravene unambiguous statutory language, language that was not discussed, or even mentioned, by the *Smith* Court.

{¶ 32} And finally, the only remaining, arguable support for requiring a probable-cause determination for situations involving R.C. 2152.12(A)(2) is Juv.R. 30(A), which provides, "[i]n *any proceeding* where the court considers the transfer of a case for criminal prosecution, the court shall hold a preliminary hearing to determine if there is probable cause to believe that the child committed the act alleged * * *." (Emphasis added.) To what ends? Juv.R. 30 is a rule of procedure, not one of substantive law.

{¶ 33} If the juvenile offender is not considered a "child," the juvenile court lacks jurisdiction, and if the offender is considered a "child" under R.C. 2152.12(A)(2)(a) and (b), there is no probable-cause determination required to effectuate the mandatory transfer. Conducting a probable-cause hearing during an initial hearing in every juvenile case could be superfluous since the outcome of the hearing may not impact a mandatory transfer initiated under R.C. 2152.12(A)(2) — as was recognized by the juvenile court and the parties in this case.

{¶ 34} Even if the juvenile court concluded that there was no probable cause to believe the juvenile committed the acts, under the plain language of R.C. 2152.12(A)(2) the court is statutorily required to transfer the case to the general division for disposition because the transfer does not hinge on the probable-cause determination. The juvenile court has no statutory authority to retain the case even in the absence of a probable-cause determination. This also obviates any need to discuss what must occur in such a proceeding since the legislature has not required a hearing to take place before the mandatory transfer. *See, e.g., In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, ¶ 51; *State v. Iacona*, 93 Ohio St.3d 83, 93, 752 N.E.2d 937 (2001); *State v. D.W.*, 133 Ohio St.3d 434, 2012-Ohio-4544, 978 N.E2d 894. *Smith* does not override the legislative enactment.

{¶ 35} It is not this court's function to rewrite statutory language, nor can the dicta from *Smith* support a conclusion in support of Hope's cursory analysis. And even if we offered the parties the opportunity to brief the issue, *Smith* would be inapplicable and the result the same. Whether the transfer in this case occurred

under R.C. 2152.12(A)(2) or 2152.12(A)(2)(a), there is no statutory requirement for the juvenile court to render a probable-cause determination to trigger the mandatory transfer.

{¶ 36} We cannot provide Hope his requested relief of remanding this matter to the juvenile court for substantive proceedings. The juvenile court determined that it lacked jurisdiction over the cases, and therefore, the mandatory transfer under R.C. 2152.12(A)(2) is a perfunctory obligation, a ministerial task to transfer the case to the only court with jurisdiction to review the criminal charges. The juvenile court did not err in concluding that it lacked jurisdiction in light of Hope's felony record.

{¶ 37} Having overruled the assigned errors, and because Hope does not otherwise challenge his felony convictions in the underlying cases, we affirm the convictions.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

JAMES A. BROGAN, J.,* CONCURS;
LISA B. FORBES, J., CONCURS IN JUDGMENT ONLY

*(Sitting by assignment:  James A. Brogan, J., retired, of the Second District Court of Appeals.)


N.B.  Judge Lisa B. Forbes is constrained to apply *Delvallie*.  For a full explanation, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Forbes, J., dissenting).